IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMERICAN TISSU E INC., et al.[1] | ) | Case No. 01-10370 (JWV) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

**Proposed Objection Deadline: March 17, 2003 at 4:00 p.m.**
**Hearing Date: To be scheduled (if necessary – negative notice)**

## MOTION FOR ORDER DISSOLVING ESCROW

The captioned debtors and debtors in possession (the "Debtors") hereby submit this motion (the "Motion") for entry of an order authorizing the dissolution of the Escrow established pursuant to the rulings of this Court at the January 23, 2002 and February 12, 2002 hearings in these cases with respect to certain sums possibly payable to Lakeview Realty LLC ("Lakeview") and Mechanicville Realty LLC ("Mechanicville"). In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The following entities are Debtors: American Tissue Inc., 100 Realty Management LLC, American Cellulose Mill Corp., American Tissue Corporation, American Tissue Mills of Greenwich LLC, American Tissue Mills of Neenah LLC, American Tissue Mills of New Hampshire, Inc., American Tissue Mills of New York, Inc., American Tissue Mills of Oregon, Inc., American Tissue Mills of Tennessee LLC, American Tissue Mills of Wisconsin, Inc., American Tissue – New Hampshire Electric Inc., Berlin Mills Railway, Inc., Calexico Tissue Company LLC, Coram Realty LLC, Engineers Road, LLC, Gilpin Realty Corp., Grand LLC, Hydro of America LLC, Landfill of America LLC, Markwood LLC, Paper of America LLC, Pulp of America LLC, Pulp & Paper of America LLC, Railway of America LLC, Saratoga Realty LLC, Tagsons Papers, Inc., Unique Financing LLC.

## Introduction

2. On the Petition Date (hereinafter defined), ATI was an integrated manufacturer of paper products in the United States with a comprehensive product line that included tissue products, pulp and papers. All of the Debtors (other than ATI) are direct or indirect subsidiaries of ATI. ATI was formed in 1999 as part of a consolidation of one of the Debtors, American Tissue Corporation (which has been in business since 1981), with a number of its affiliates including many of the other Debtors.

3. On September 10, 2001 (the "Petition Date") the Debtors commenced these cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware.

## Background

4. Lakeview and Mechanicville are non-debtor former landlords of the Debtors and each is an affiliate of the Debtors. Lakeview was non-debtor affiliate landlord of the the Debtors' Neenah, Wisconsin facility. Mechanicville was the non-debtor affiliate landlord of the Debtors' Mechanicville, New York facility. Lakeview and Mechanicville had mortgaged the Neenah, Wisconsin and Mechanicville, New York facilities, prepetition, to mortgagees that, on information and best knowledge, were not affiliates of the Debtors.

5. On January 4, 2002 Lakeview and Mechanicville and certain other non-debtor affiliates of the Debtors filed their motion to compel payment of administrative rent (Docket No. 588) (the "Rent Motion"). The Debtors filed their objection to the Rent Motion (at

Docket No. 664) on the ground that the rents under the leases were not at fair market value, that the leases represented a usurpation of the Debtors' corporate opportunity, that the rent payments under the leases should be subordinated, and that the Debtors' payment obligations should be net of the Debtors' setoff rights.

6. On January 23, 2002 the Honorable Roderick R. McKelvie considered the Rent Motion and ruled, on an interim basis, that the Debtors' should make the mortgage payments, to Lakeview's and Mechanicville's mortgagees, but that the balance of the "rent" should be placed in escrow pending further consideration of the matter (1/23/02 Tr.).

7. On February 22, 2002, the Honorable Erwin I. Katz, who by that date had been assigned to these cases, again considered the Rent Motion. At that hearing, Judge Katz found that there was "sufficient basis for the continuation of the structure involving the escrow and the mortgage payments as separate payments," (2/12/02 Tr. at 69), including on the ground that certain non-debtor deponents had "convenient memories as to some things" and that payments apparently had been made to family members, "as testified to in the depositions." (2/12/02 Tr. at 69.) Judge Katz further opined that the non-debtor affiliates "were entitled to know specifically what they're being charged with" and continued the escrow to April 2002. Accordingly, Judge Katz stated that if the escrow were to continue beyond that time, then the Debtors should file, by April 1, 2002, their adversary proceeding against the non-debtor affiliates. (2/12/02 Tr. at 70.)

8. The non-debtor affiliates failed to comply with this Court's discovery order and with the Debtors' discovery requests and notices made pursuant to those orders.

Accordingly, this Court extended the April 1, 2002 deadline to May 1, 2002 (Docket No. 938), July 1 (Docket No. 1033) and finally to August 1, 2002 (Docket No. 1260)[2]. The escrow continued in place throughout this period.

9. On August 1, 2002 the Debtors filed their Complaint against Lakeview, Mechanicville, in Mehdi Gabayzadeh, Nourollah Elghanayan, Super American Tissue, Inc., American Paper Corporation, American Fiber Mills of Indiana LLC, Huntington LLC, 400 Jingle Bell Lane LLC, 300 Rabro Drive LLC, American Kraft Mills of Tennessee LLC, American Tissue Mills of Massachusets, Inc. Pheasant LLC, American Tissue de Mexico S.A. de C.V. and John Does 1-10, for (1) declaration of alter ego status, (2) damages for breaches of fiduciary duty to debtors, (3) repayment of "loans" and indebtedness, (4) repayment of indebtedness by defendants, (5) avoidance of fraudulent transfers and conveyances, (6) avoidance of voluntary and involuntary transfers, (7) equitable subordination, (8) recharacterization of "loans" as equity, (9) turnover of funds, (10) unjust enrichment had an received, (11) turnover of files, (12) willful violation of the automatic stay, and (13) declaration of rights to setoff obligations of Gabayzadeh and Elghanayan to Debtors against administrative rent claims of the landlord non-debtor affiliates (the "Adversary").

10. The Debtors further allege in the Complaint that the Debtors' funds were diverted to Lakeview without adequate consideration. (Compl. at ¶ 49.)

11. The Debtors further alleged in the Complaint that the Debtors rented "property from the Landlord Non-Debtor Affiliates on terms that were not negotiated at arm's

---

[2] The Debtors' motions to extend (Docket Nos. 934, 994 and 1242) set forth at length the non-debtor affiliates' blatant failure to comply with the discovery necessary for the Debtors to prepare their complaint.

length and [transfers were] made from the Debtors to the Landlord Non-Debtor Affiliates for either no consideration or for grossly inadequate consideration." (Compl. at ¶ 139.)

12. The Debtors further alleged in the Complaint that "when it is determined to what extent the assets of Debtors, considered before any piercing of the corporate veils, are insufficient to pay all of the allowed claims in full, the assets of the Landlord Non-Debtor Affiliates[3] will and do constitute property of the estates of Debtors and will have to be turned over to the estates to the extent necessary to allow such claims to be paid in full, and that Debtors should be excused from paying any administrative rent claimed by the Landlord Non-Debtor Affiliates until such a determination has been made. (Compl. ¶ 141(a), emphasis supplied.)

13. Neither Lakeview nor Mechanicville answered the Complaint. On October 8, 2002, after two courtesy extensions by the Debtors, Lakeview, Mechanicville and certain other defendants filed their motion for extension to November 21, 2002 of the time to answer or otherwise respond to the Complaint. The Court granted this extension. Again Lakeview and Mechanicville failed to answer the Complaint.

14. On December 21, 2002 the Debtors moved for default against Lakeview and Mechanicville.

15. Neither Lakeview nor Mechanicville objected to or otherwise responded.

16. On January 30, 2003 a default was entered against each of Lakeview and Mechanicville by the Clerk of the Bankruptcy Court.

17. On February 18, 2003 the Debtors filed their motions for partial final judgment by default against Lakeview and Mechanicville.

---

[3] Lakeview and Mechanicville are Landlord "Non-Debtor Affiliates" in the Complaint. (Compl. at ¶ 32.)

03667-001\DOCS_DE:66074.2

5

18. Neither Lakeview nor Mechanicville objected or otherwise responded to these Motions.

19. On February 26, 2003 this Court entered judgment on the Motion for default judgment against Lakeview in the amount of $2,005,348.

20. Also, on February 26, 2003 this Court entered judgment on the Motion for default judgment against Mechanicville in the amount of $114,616.

21. Currently $354,558 is being held in the Lakeview escrow and $312,329 is being held in the Mechanicville escrow.

**Relief Requested**

22. By this Motion, the Debtors seek dissolution of the Lakeview and Mechanicville Escrows.

**Authority for the Requested Relief**

23. Lakeview and Mechanicville have admitted all of the allegations of fact and liablity set forth in the Complaint, including without limitation that the Debtors' funds were diverted to Lakeview (Compl. at ¶ 49), that the Debtors were compelled to rent property from Lakeview and Mechanicville on terms not negotiated at arms length (Compl. at ¶ 139(b)), that the Debtors were compelled to make transfers to Lakeview and Mechanicville for no consideration or grossly inadequate consideration (Compl. at ¶ 141(b)), that any obligations of the Debtors to pay administrative rent to Lakeview and Mechanicville is subject to setoff against the obligations of Gabayzadeh to the Debtors (Compl. at ¶ 141(c)), and that the assets of

03667-001\DOCS_DE:66074.2

Lakeview, Mechanicville and the other Landlord Non-Debtor Affiliates constitute property of the estates of the Debtors (Compl. at ¶ 141(a)).[4]  F.R.B.P. 8(d).

24. The "rent" escrow was established pending the filing by the Debtors of their Complaint against Lakeview, Mechanicville and the other non-debtor affiliates, to enable this Court to consider whether the Debtors' claims agianst those defendants were colorable.

25. Lakeview and Mechanicville have admitted all of the allegations set forth in the Complaint including those set forth above.

26. In addition, defaults have been entered against Lakeview and Mechanicville by this Court and by the Clerk.

27. The money in the Lakeview and Mechanicville escrows at all times has been and continues to be property of the Debtors' estates.

28. In light of the foregoing admissions and defaults, no basis whatsoever remains for continuing to maintain the escrows or for any assertion by Lakeview or Mechanicville that it is entitled to payment of "rent" from the escrows. The escrows should be dissolved.

## Notice

29. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) counsel to Lakeview and Mechanicville; (iii) counsel to the agent of the Bank Group; (iv) counsel for the Official Committee of Unsecured Creditors; (v) counsel to the Indenture Trustee for the Secured Bondholders, and (vi) any parties that request special notice in

---

[4] None of Lakeview, Mechanicville or Gabayzadeh has answered to Complaint, and accordingly each has made these admissions. Elganyan is the only Defendant who has answered the Complaint.

these cases. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

### No Prior Request

30.    No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the relief requested herein, and granting such other and further relief as is just and proper.

Dated: March 7, 2003

                PACHULSKI, STANG, ZIEHL,
                YOUNG, JONES & WEINTRAUB P.C.

                */s/*
                Laura Davis Jones (Bar No. 2436)
                James I. Stang (CA Bar No. 194435)
                Bruce Grohsgal (Bar No. 3583)
                919 N. Market Street, 16th Floor
                P.O. Box 8705
                Wilmington, DE 19899-8705 (Courier 19801)
                Telephone: (302) 652-4100
                Facsimile: (302) 652-4400

                Counsel to the Debtors and Debtors in Possession