# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| AMERICAN TISSUE, INC., *et al.*,[1] | : | Case No. 01-10370 (KG) |
| | : | |
| Debtors. | : | Hearing Date: November 16, 2007 at 11:00 a.m. |
| | : | Objection Deadline: November 5, 2007 at 4:00 p.m. |

## MOTION FOR ENTRY OF ORDER AUTHORIZING THE TRUSTEE'S ABANDONMENT AND DESTRUCTION OF PERSONAL PROPERTY OF THE ESTATE LOCATED AT IRON MOUNTAIN STORAGE FACILITIES PURSUANT TO 11 U.S.C. § 554(a) AND FED. R. BANKR. P. 6007

Christine C. Shubert (the "Trustee"), the Chapter 7 Trustee for the estates of American Tissue, Inc., *et al.* (the "Debtors"), by and through her counsel, Fox Rothschild LLP, respectfully submits this motion for the entry of an order authorizing the Trustee's abandonment and destruction of personal property of the estate located at any and all Iron Mountain storage facilities pursuant to 11 U.S.C. § 554(a) and Fed. R. Bankr. P. 6007 (the "Motion"), and, in support thereof, states as follows.

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The following entities are Debtors: American Tissue Inc., 100 Realty Management LLC, American Cellulose Mill Corp., American Tissue Corporation, American Tissue Mills of Greenwich LLC, American Tissue Mills of Neenah LLC, American Tissue Mills of New Hampshire, Inc., American Tissue Mills of New York, Inc., American Tissue Mills of Oregon, Inc., American Tissue Mills of Tennessee LLC, American Tissue Mills of Wisconsin, Inc., American Tissue – New Hampshire Electric Inc., Berlin Mills Railway, Inc., Calexico Tissue Company LLC, Coram Realty LLC, Engineers Road, LLC, Gilpin Realty Corp., Grand LLC, Hydro of America LLC, Landfill of America LLC, Markwood LLC, Paper of America LLC, Pulp of America LLC, Pulp & Paper of America LLC, Railway of America LLC, Saratoga Realty LLC, Tagsons Papers, Inc., Unique Financing LLC.

PH1 943020v1 10/15/07

3.  The statutory predicate for the relief sought herein is 11 U.S.C. § 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure.

**Background**

4.  On September 10, 2001, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.  On September 11, 2001, the Court entered an order directing the joint administration of the Debtors' cases.

6.  On April 22, 2004 (the "Conversion Date"), the Court entered an order converting the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.

7.  On April 26, 2004, the Office of the United States Trustee appointed the Trustee as the Chapter 7 Trustee for these cases.

8.  Prior to the Conversion Date, on September 9, 2003, Berger Singerman, P.A., special counsel to the Trustee, on behalf American Tissue, Inc., as debtor-in-possession, filed suit in the United States District Court for the Southern District of New York against Donaldson Lufkin & Jenrette Securities Corporation, *et al.* ("DLJ"), Civil Action No. 03-CV 6913 GEL, seeking a money judgment against DLJ (the "DLJ Litigation").

9.  In connection with the DLJ Litigation, the Trustee currently stores and maintains certain of the Debtors' personal property at various Iron Mountain storage facilities, more specifically, books and records in approximately 4,064 boxes (the "Records").

10. The Trustee reached a settlement of the DLJ Litigation, and therefore, no longer needs the Records. In the Trustee's best judgment, the Records are burdensome to the estates, of inconsequential value, and of no further benefit to the estates.

11. The Trustee seeks to dispose of and destroy the Records so that the estates may cease paying the costs of maintaining the storage of the Records. The Trustee further seeks to pay all fees and costs associated with the abandonment and destruction of the Records, as it would be most cost effective for Iron Mountain to destroy the Records.

**Relief Requested**

12. By this Motion, the Trustee is seeking the Court's authorization to abandon the Records and to permit the Trustee to dispose of and/or destroy the Records, including the payment of all costs associated with the disposal and/or destruction of the Records.

13. Pursuant to Section 554(a) of the Bankruptcy Code, the Trustee, after notice and a hearing, may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. *See* 11 U.S.C. § 554(a).

14. The Trustee maintains that because the DLJ Litigation has settled, it is not necessary to store the Records and to continue incurring substantial storage fees. Incurring such fees would not be in the best interests of, nor does it provide any benefit to, the Debtors' estates and the creditors.

15. Accordingly, the Trustee submits that the abandonment and destruction of the Records is appropriate pursuant to Section 554 of the Bankruptcy Code.

16. Pursuant to Bankruptcy Rule 6007(a), the Trustee is obligated to give notice to all creditors and to the Office of the United States Trustee of her intent to abandon property. Fed. R. Bankr. P. 6007(a). If a party seeks to object to the abandonment, it must do so within fifteen (15) days of the mailing of the Trustee's notice of proposed abandonment of property of the estate or within the time fixed by the Court. *Id.*

17. Simultaneously with the filing of this Motion, the Trustee has served on all parties requesting notice in accordance with the Court's February 16, 2007 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* (the "Notice and Procedures Order") [Docket No. 3973], notice of her intent to abandon the Records. The Trustee submits that pursuant to the Notice and Procedures Order, she has met the requirements for notice of abandonment under Fed. R. Bankr. P. 6007.

18. The Trustee respectfully requests that if there are no objections to the Motion, the Court enter the order submitted herewith authorizing the Trustee to abandon and dispose of the Records.

**Notice**

19. The Trustee has served notice of this Motion on the United States Trustee, counsel to the Debtors, Iron Mountain, and all parties requesting notice in accordance with the Notice and Procedures Order, via United States mail, first class and postage prepaid. The Trustee has also served a copy of all pleadings associated with the Motion, via first class mail, on the Trustee, the United States Trustee and Iron Mountain.

20. Section 102(1) of the Bankruptcy Code defines "after notice and a hearing" to mean "after such notice as is appropriate in the particular circumstances." As noted above, the Trustee maintains that notice of the Motion as outlined in paragraph 19 satisfies this requirement with respect to the abandonment and destruction of the Records in accordance with the Notice and Procedures Order.

*[Remainder of Page Intentionally Left Blank]*

4

WHEREFORE, it is respectfully requested that the Court enter the order submitted herewith authorizing the Trustee to abandon and dispose of and/or destroy the Records and to pay all fees and costs associated with the abandonment and destruction of the Records.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By:   */s/ Sheldon K. Rennie*
      Sheldon K. Rennie, Esquire
      Delaware Bar No. 3772
      919 North Market Street, Suite 1300
      Wilmington, DE 19801-3046
      Tel (302) 654-7444/Fax (302) 656-8920
      srennie@foxrothschild.com

      -and-

Michael G. Menkowitz, Esquire
Michele M. Padersky, Esquire
2000 Market Street, Tenth Floor
Philadelphia, PA 19103
Tel (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
mpadersky@foxrothschild.com

Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estate of American Tissue, Inc., *et al.*

Dated: October 15, 2007